**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Edward M. Colligan, Esq.
17 Academy Street
Newark, New Jersey  07102
973-623-6665
Attorney for Plaintiff, Aijaz Khan

_____

AIJAZ KHAN,                                    CIVIL ACTION NO. 2:08-cv-2292(SDW)

  Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

  Defendant.

_____

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

---

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ……………………………………..….….3

LEGAL ARGUMENT ………………………………………………….4

POINT I
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD ……..4
BE DENIED FOR ALL OF THE REASONS STATED IN PLAINTIFF'S
BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT

POINT II
PRUDENTIAL'S DEFINITION OF LOSS SHOULD BE INTERPRETED….5
TO INCLUDE FUNCTIONAL LOSSES BY SEVERANCE

CONCLUSION………………………………………………………6

## TABLE OF AUTHORITIES

CASES

Crawford v. London
        275 Cal. App. 2d 524, 528, 80 Cal. Rptr. 70 (Ct. App. 1969)

Morgan v. The Prudential Insurance Co.
        86 Wn2d 432, 437, 545 P2d. 1193, 1196 (1976).

Reid v. Life Insurance Company of North America
        718 F.2d 677, 682-682 (4th Cir. 1983)

<u>POINT I</u>

<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED
FOR ALL OF THE REASONS STATED IN PLAINTIFF'S BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

To avoid unnecessary repetition, the plaintiff incorporates herein by reference the entirety of the plaintiff's Statement of Material Uncontested Facts and Brief in Support of Plaintiff's Motion for Summary Judgment, which is being considered simultaneously with defendant's Motion for Summary Judgment. The plaintiff's Statement of Uncontested Material Facts and Brief were filed herein on October 9, 2009.

POINT II

<u>PRUDENTIAL'S DEFINITION OF LOSS SHOULD BE INTERPRETED TO
INCLUDE FUNCTIONAL LOSSES BY SEVERANCE</u>

In their claims decision, Prudential accepted that the plaintiff's index finger amputation meets their policy definitions. Their denial is based on the plaintiff's thumb injury. In that regard, the plaintiff suffered a permanent partial amputation of his thumb by severance. The flesh and bone from his thumb have been permanently severed from his body. Due to the substantial severance of the thumb, when considered in combination with the loss of his index finger, the plaintiff suffered a severe functional loss of his thumb and hand. See PRU000125 and PRU000126.

As the author of the policy, Prudential chose ambiguous language that should interpreted to provide coverage for plaintiff's injury. Although the authority is divided, the term severance has been held to be ambiguous and to include coverage for functional losses. <u>Morgan v. The Prudential Insurance Co.</u> 86 Wn2d 432, 437, 545 P2d. 1193, 1196 (1976). Similarly, the phrase "at or above" has been held to be ambiguous. <u>Crawford v. London</u>, 275 Cal. App. 2d 524, 528, 80 Cal. Rptr. 70 (Ct. App. 1969). Despite the then existing body of law, Prudential chose not to use the more restrictive phrasing "actual severance". At the time Prudential wrote and issued the subject policy, there was a body of law, including <u>Morgan v. The Prudential</u>, that held that the term "severance' was ambiguous and included functional losses by severance. See  <u>Reid v. Life Insurance Company of North America</u>, 718 F.2d 677, 682-682 (4th Cir. 1983). Severance should be read to describe the manner in which the injury occurs, not the extent of the damage. By using the broader and ambiguous term severance, Prudential chose terms which had already been interpreted to provide coverage for functional losses resulting from

severance. They chose not to employ the newer and more restrictive phrase "actual severance". As such, the plaintiff is entitled to benefits under their policy.

<u>**CONCLUSION**</u>

The terms of Prudential's policy are ambiguous and should be construed in favor of Mr. Khan and against Prudential. Based upon New Jersey's insurance regulations, the denial of Mr. Khan's AD&D benefits should be evaluated under a de novo standard of review. Alternatively, based upon their unameliorated conflict of interest and their self interested benefits decision, Prudential's decision should be given close review and they should be found to have abused their discretion. However, under any standard of review, Defendants' denial of Plaintiff's AD&D benefits was improper. Accordingly, it is respectfully requested that this Court deny defendant's summary judgment and order the payment of AD&D benefits to Aijaz Khan

<br>

Dated:  November 4, 2009

<u>s/Edward M.Colligan</u>
Edward M. Colligan, Esq.
17 Academy Street
Newark, NJ 07102
Attorney for Plaintiff